UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

| Case No. | CV 11-7913 DSF (JCx) | Date | 7/30/12 |
|---|---|---|---|
| Title | Mike Lipschultz v. Good Knight Inn, Corp. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause re Sanctions Why Sanctions Should Not be imposed Against Raj D. Roy

On July 23, 2012, the Court conducted a pretrial conference in this matter. Prior to the conference, the Court had issued an Order to Show Cause re Dismissal for Lack of Prosecution and Failure to Comply with Court Orders; Alternatively Order to Show Cause Why Answer Should Not Be Stricken and Default Should Not Be Entered for Failure to Comply with Court Orders (7/20/12 Order). (Doc. # 36.) The Court noted in the 7/20/12 Order that defense counsel Raj D. Roy had failed to comply with any of the Court's pretrial orders: he had not been cooperating with plaintiff's counsel to file a pretrial conference order and joint exhibit list, had not filed a memorandum of contentions of fact and law, and had not filed a witness list. The 7/20/12 Order stated : "If Plaintiff shows cause why the action should not be dismissed, the Defendant must show cause why its answer should not be stricken and its default should not be entered for failure to comply with this Court's orders."[1]

Mr. Roy appeared nearly ten minutes late for the pretrial conference. He seemed to contend that submitting joint pretrial documents to Plaintiff's counsel by 3 p.m. the

---

[1] Plaintiff had actually filed a document explaining that he could not get Mr. Roy's cooperation in the preparation of the pretrial conference order and joint exhibit list, but the Court was unaware of this filing at the time it sent its 7/20/12 Order for docketing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

Friday afternoon before the pretrial conference was acceptable.  In reviewing the dockets of the federal court, it appears that counsel has misrepresented his experience before the federal court.  While the Court was inquiring concerning Mr. Roy's failure to comply with the Court's orders concerning pretrial documents, Mr. Roy volunteered: "May I just say for the record, I'm not very familiar with federal court."  The Court reminded counsel that he had removed this action from state court to the United States District Court, and that he had an obligation to become familiar with the rules of this district in order to represent his client adequately.  The Court also pointed out that it was the practice in both state and federal court to comply with Court orders and that the Court had stated both orally and in writing its requirements for pretrial preparation and the timing of filing certain documents.

Mr. Roy continued to attempt to excuse his failure to comply with express court orders by stating that he "must have missed" that the documents were required to be filed, or that he assumed the practices were the same in federal court as in state court.  He had planned to have everything ready for trial ten days before the trial because that is apparently what he does in state court.

Counsel contended that he had not signed up for electronic service because he did not have the capability to do so.  That is demonstrably false, as Mr. Roy has been filing electronically (as required), and no additional "capability" is needed.

Although he failed to provide any proposed jury instructions despite the deadlines in the Court's Jury Trial Order, he contended that was because he did not know the rules applicable to jury trials in federal court.  He asked the Court if the jury instructions used in federal court were the same as those filed in state court.

The Court noted that although it found the positions Mr. Roy had taken to be "quite astounding," it would not award sanctions.  The Court reminded counsel that he had removed this action from state court to the United States District Court.

The Court then checked its own records and docket.  The docket reveals that Mr. Roy has been practicing before this court since 1999.  He has been counsel of record in at least 21 cases in the district since that time.  He has represented plaintiffs in 18 of those cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

In 2009 in <u>Ortiz v. Ocwen Loan Servicing, et al.</u>, CV 08-7663 MMM (RCx), the action was dismissed for failure to comply with the court's orders (Doc. # 25). In <u>Tasadduq v. J.P. Morgan Chase National Corporate Services, Inc.</u>, 10-2439-ODW (PJWx), the Court dismissed the action for Mr. Roy's failure to prosecute. (Doc. ## 11, 12.) In <u>Chavez v. Ortiz Family, LLC</u>, 10-3823 GAF (AGRx), the action was initially dismissed for lack of subject matter jurisdiction due to Mr. Roy's failure to respond to that court's Order to Show Cause. (Doc. # 5.) It was eventually reinstated and a Scheduling and Case Management Order setting deadlines for filing pretrial documents was issued. The requirements were similar to those imposed in this case. Certain pretrial documents were due January 9. Defendants filed the required documents. Neither of plaintiff's counsel (Mr. Roy and Frank Angello, another attorney in the Roy Legal Group) filed any of the required documents or provided any explanation as to why they were not filed. The pretrial conference was set for January 23, 2012 at 3:30 p.m. Mr. Roy and his co-counsel were clearly aware of the deadlines and requirements, as they had been specifically advised of those requirements and confirmed that they were aware of them. (<u>See</u> Doc. 24, 24.) On January 23, that court dismissed the action because it appeared plaintiff had abandoned it. (Doc. #25.) This occuMr. Royed on January 23, 2012 - just one week before the Court set the pretrial deadlines in this case.

It appears to the Court, in light of Mr. Roy's experience in 21 cases in this district since 1999, and the obligation of counsel to become familiar with all of this Court's Rules as well as the Federal Rules of Civil Procedure - and especially in light of Mr. Roy's experience in <u>Chavez v. Ortiz Family, LLC</u> - that Mr. Roy has deliberately and willfully misrepresented that he was unfamiliar with federal court procedures. It is simply not credible that Mr. Roy did not know the importance of the court's pretrial deadlines, or that the federal court pretrial procedure differed from state court pretrial procedure. Such statements can only have been made in bad faith.

Alternatively, even if counsel is truly unfamiliar with federal court procedures, it can only be because he has deliberately and wilfully refused to comply with his obligations to his clients and to the court to become familiar with those procedures.

In either event, the Court - now being fully apprised of the facts - finds Mr. Roy's conduct to be sanctionable. <u>See</u> <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1480 (9th Cir. 1989)("recklessness, gross negligence, repeated-although-unintentional-flouting of court rules, or willful misconduct" waMr. Royant monetary sanctions); <u>Mendez v.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

County of San Bernardino, 540 F.3d 1109, 1130-33 (9th Cir. 2008) (the Court may sanction counsel in an exercise of its inherent power to protect the due and orderly administration of justice and maintain the authority and dignity of the court; a finding of bad faith may be appropriate when, among other things, a party engages in behavior that has the effect of "delaying or disrupting the litigation or hampering enforcement of a court order" ).

Therefore, the Court orders Mr. Roy to show cause in writing no later than August 6 why he should not be sanctioned in the amount of $2,500, payable to the clerk of the court. A hearing on the Order to Show Cause will be held on August 13, 2012 at 3 p.m.

IT IS SO ORDERED.